H. S. FOOTE, Gov., &c., to use, &c., v. EDMUND VANZANDT et al.

1. CIRCUIT CLERK: PENALTY OF $500 FOR FAILURE TO ENROL A JUDGMENT NOT RECOVERABLE AGAINST HIS SURETY.—The sureties of a circuit clerk, on his official bond, are not liable for the penalty of $500, prescribed by the fifth section of the Enrolment Act of 1844 (Hutch. Dig. 892), for the failure of the clerk to enrol a judgment upon the application of a party interested; in such a case an action on the official bond can be maintained only for the amount of damages actually sustained by reason of the clerk's default.

2. STATUTES: PENAL: CONSTRUED STRICTLY.—Penal statutes must be construed strictly, so as not to embrace cases not within the letter of the law.

IN error from the Circuit Court of Simpson county. Hon. John E. McNair, judge.

*Terence McGowan,* for plaintiff in error,

Cited *Brown* v. *Leister,* 13 S. & M. 392; *White* v. *Johnson,* 23 Miss. R. 68; Hutch. Dig. p. 892, § 5; Ib. p. 894, § 1, 2, and 3.

*W. P. Harris,* for defendants in error,

In reply, insisted that the statute (Hutch. Dig. § 5, p. 892) only gave the penalty against the clerk, and that his sureties were not bound.

FISHER, J., delivered the opinion of the court.

The question presented for decision in this case is, whether an action can be maintained on the official bond of the clerk of the Circuit Court, to recover the penalty of five hundred dollars, given by the Statute of 1844, commonly called the Enrolment Law, for failing to enrol a judgment on the application of the party interested.

The penalty is given as the consequence of the failure of the clerk to perform a duty required of him in a certain event, regardless of the damages which the party interested may sustain; and the statute provides that it may be recovered by an action of debt, which cannot be construed to mean an action of debt on the bond, for the reason that the statute must be construed strictly, and cannot embrace cases not coming within the letter of the law. Hutch. Code, p. 892. The statute authorizing an action on the bond, declares that it "may be put in suit and prosecuted at the costs and charges of the party injured;" and hence the suit in such cases can only be maintained to recover damages commensurate with the injury sustained, and not for a penalty, having no reference to such injury. Code, p. 432.

Judgment affirmed.